IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ANTHONY EASLEY

VS.    CIVIL ACTION NO. 3:10CV123-DAS

MICHAEL J. ASTRUE,
Commissioner of Social Security

## MEMORANDUM OPINION

This matter is before the court pursuant to 42 U.S.C. § 405(g) to review the decision of the Commissioner of Social Security denying the application of Anthony Easley for disability benefits under the Social Security Act. The parties in this case have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636, with any appeal to the Court of Appeals for the Fifth Circuit. The Court has considered the administrative transcript, the briefs of the parties, and the applicable law and rules as follows:

## I. FACTUAL AND PROCEDURAL HISTORY

The claimant was born in 1967. He completed his GED and worked previously as a loader/unloader, surveyor helper, and gravel truck driver. On September 26, 2006, the claimant filed an application for disability insurance benefits and subsequently alleged his onset date was May 16, 2006. The Administration denied his application both initially and upon reconsideration, and the claimant timely requested and was granted a hearing before an ALJ. At the hearing, the claimant argued that because he suffered from chronic neck and back pain, hypertension, and arthritis, he was disabled and unable to work. On February 17, 2009, the ALJ entered an order finding that claimant was not disabled. The ALJ's decision rested as the final decision of the Commissioner on October 23, 2010 when the Appeals Council denied the

1

claimant's request for review, and thus, the ALJ's decision is now ripe for review under section 205(g) of the Social Security Act. 42 U.S.C. § 205(g).

## II. STANDARD OF REVIEW

This court's review of the Commissioner's decision is limited to an inquiry into whether there is substantial evidence to support the findings of the Commissioner and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971)*; Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994); *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401 (quoting *Consolidated Edison v. NLRB*, 305 U.S. 197, 229 (1938)). The Fifth Circuit has further held that substantial evidence "must do more than create a suspicion of the existence of the fact to be established, but 'no substantial evidence' will be found only where there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'" *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988) (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). Conflicts in the evidence are for the Commissioner to decide, and if substantial evidence is found to support the decision, the decision must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court may not reweigh the evidence, try the case de novo, or substitute its own judgment for that of the Commissioner even if it finds that the evidence preponderates against the Commissioner's decision. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988)*; Harrell*, 862 F.2d at 475. If the Commissioner's decision is supported by the evidence, then it is conclusive and must be upheld. *Paul v. Shalala*, 29 F.3d 208, 210 (5th

Cir. 1994).

### III. DISCUSSION

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process.[1] The burden rests upon the claimant throughout the first four steps of this five-step process to prove disability, and if the claimant is successful in sustaining his burden at each of the first four levels then the burden shifts to the Commissioner at step five.[2] First, claimant must prove he is not currently engaged in substantial gainful activity.[3] Second, the claimant must prove his impairment is "severe" in that it "significantly limits his physical or mental ability to do basic work activities . . . ."[4] At step three the ALJ must conclude the claimant is disabled if he proves that his impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1.[5] Fourth, the claimant bears the burden of proving he is incapable of meeting the physical and mental demands of her past relevant work.[6] If the claimant is successful at all four of the preceding steps the burden shifts to the Commissioner to prove, considering claimant's residual functional capacity, age, education

---

[1] *See* 20 C.F.R. §§ 404.1520 (2008).

[2] *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991).

[3] 20 C.F.R. §§ 404.1520(b) (2008).

[4] 20 C.F.R. §§ 404.1520(c) (2008).

[5] 20 C.F.R. §§ 404.1520(d) (2008). If a claimant's impairment meets certain criteria, that claimant's impairments are of such severity that they would prevent any person from performing substantial gainful activity. 20 C.F.R. §§ 404.1525 (2008).

[6] 20 C.F.R. §§ 404.1520(e) (2008).

and past work experience, that he is capable of performing other work.[7] If the Commissioner proves other work exists which the claimant can perform, the claimant is given the chance to prove that he cannot, in fact, perform that work.[8]

In the present case, there are three issues before the court: (1) whether substantial evidence supports the ALJ's decision in light of evidence submitted for the first time to the Appeals Council; (2) whether substantial evidence supports the residual functional capacity determined by the ALJ; and (3) whether substantial evidence supports that way in which the ALJ utilized the vocational expert. After considering the briefs and responses thereto, and after holding a hearing on the matter, the court finds the ALJ's decision should be affirmed.

### 1. Dr. Longest's March 2009 Statement

In his decision, the ALJ considered the medical records provided by the claimant's treating physician, Dr. Bruce Longest, and found his opinion "well supported by the objective medical evidence." However, these opinions, along with the claimant's testimony, addressed the claimant's functional limitations almost entirely after the date last insured, September 30, 2006. After the ALJ entered his opinion finding the claimant not disabled, the claimant appealed to the Appeals Council and submitted an additional document from Dr. Longest. That document, provided to Dr. Longest by claimant's counsel, asked, "[b]y what date were the diagnoses and limitations expressed in your 11/25/08 Medical Source Statement present." Dr. Longest answered "May 2006." The Appeals Council, nevertheless, affirmed the decision of the ALJ, explaining that they "considered the reasons you disagree with the [ALJ's] decision and the

---

[7] 20 C.F.R §§ 404.1520(f)(1) (2008).

[8] *Muse*, 925 F.2d at 789.

additional evidence listed on the enclosed Order of Appeals Council," but found such evidence did not provide a basis for changing the ALJ's decision. The claimant argues that both the ALJ and the Appeals Council erred when they found the claimant not disabled prior to September 30, 2006.

The government responds to the claimant's position, arguing that remand is appropriate only if there is a reasonable likelihood the new evidence could change the outcome of the ALJ's decision. *Miller v. Astrue*, No. 1:11CV80-SAA, 2011 WL 5979473, *4 (N.D. Miss. Nov. 29, 2011).[9] The government argues that the new evidence (Dr. Longest's statement) could not change the outcome of the decision because his records from the period at issue wholly fail to corroborate the new statement. Specifically, the government points out that Dr. Longest saw the claimant only twice before his date last insured. Dr. Longest saw the claimant on August 3, 2006, and his notes show that the claimant's neck was supple. He again saw the claimant on September 13, 2006 when the claimant complained of neck and back pain. Dr. Longest prescribed medication and continued with this conservative treatment for the next two years.

Dr. Carl Bevering also treated the claimant during the relevant time period. Following a neck injury in May 2006, Dr. Bevering saw the claimant and noted his continued improvement over the next two months, ending July 13, 2006, when the doctor discontinued the use of a neck collar and prescribed ultram and flexeril. There were no limitations placed on the claimant.

---

[9]The claimant argues that before the Appeals Council and the ALJ may reject this opinion from the treating physician, they must adhere to the treating physician rule and again grant Dr. Longest's opinion great weight absent "reliable medical evidence from a treating or examining physician controverting the claimant's treating specialist." *See Newton v. Apfel*, 209 F.3d 448, 456 (5th Cir. 2000). The court disagrees and finds that once the matter moves to the appellate level, the standard then becomes whether there is a reasonable likelihood the new evidence could change the outcome of the ALJ's decision.

Clearly, such information stands in stark contrast to Dr. Longest's Medical Source Statement completed in November 2008 and calls into question his 2009 statement that the conditions described in 2009 were the same as in 2006 when his treatment was so plainly conservative and when Dr. Bevering released him with no limitations.

After considering the matter, the court finds substantial evidence supports the ALJ's decision and finds that there is no reasonable likelihood the new evidence could change the outcome of the ALJ's decision. There is simply no evidence to support Dr. Longest's post-hearing statement and substantial evidence to the contrary.

## 2. Residual Functional Capacity

The ALJ found the claimant had the ability to:

> [O]ccasionally lift/carry 20 to 30 pounds and frequently lift/carry 10 pounds. He can stand/walk 2 to 6 hours in an 8-hour work day and 2 hours total at a time and sit a total of 6 hours in an 8-hour work day and 3 hours total at a time. He can frequently balance and occasionally stoop, and crouch, but never climb, kneel, or crawl. He can never climb ladders and must avoid heights, vibration, and no commercial driving. He can occasionally push/pull 20 pounds and frequently push/pull 10 pounds. He can occasionally reach overhead and frequently grasp and handle with the right hand. He can flex his neck 20 degrees and see the work station if on a table or desk facing down. He can rotate his neck 40 degrees to the right and 30 degrees to the left.

As to this issue, the claimant makes two arguments: First, he argues the ALJ erred when he failed to include the claimant's complaints of depression in his RFC. Second, he argues that no medical evidence supports the RFC described by the ALJ.

In response to the claimant's argument that the ALJ erred when he failed to consider the claimant's complaints of depression, the government points out that there is not a single reference to depression in any record prior to the date last insured. Because there is no evidence

6

prior to the date last insured, the court finds substantial evidence supports the ALJ's decision not to include it in the RFC.

In response to the claimant's argument that no medical evidence supports the RFC, the government argues first that the ALJ clearly took into account the claimant's complaints of pain when he found as severe, the claimant's osteoarthritis and degenerative disc disease status post cervical spine fusion syndrome. Additionally, the ALJ restricted the claimant to occasional overhead reaching and limited his neck flexion and rotation. The court finds substantial evidence supports the ALJ's RFC as to any complaints of chronic pain. It is clear to the court that such complaints were taken into account.

The government next points to the Medical Source Statement provided by Dr. Paul Byers. It is clear the ALJ relied heavily on Dr. Byers' assessment because the RFC virtually tracks the statement he provided. Because Dr. Byers was an examining physician, the ALJ was entitled to give his opinion more weight than that of Dr. Longest. *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994) (holding ALJ may assign little or no weight to opinions of treating physician is good cause is shown). However, in this case, the ALJ did give the treating physician's opinion significant weight. Dr. Longest's opinions and records, however, as discussed *supra* addressed the claimant's condition almost exclusively after the date last insured. Dr. Longest's statement that his opinion should be considered back to May 2006 has already been addressed.

After examining Dr. Byers' Medical Source Statement and with the understanding that there is virtually no evidence to support a finding of disabled prior to the claimant's date last insured, the court finds substantial evidence supports the ALJ's RFC finding in this action.

### 3.  Vocational Expert

Finally, the claimant argues the ALJ erred when he failed to base his decision on the response of the vocational expert to a question posed by claimant's counsel.  Specifically, during the hearing, claimant's counsel asked the vocational expert whether the claimant could perform any jobs in the national economy if he took into account the non-exertional limitations placed on the claimant by Dr. Longest.  The vocational expert answered counsel that if those limitations were taken into account, no jobs would exist that the claimant could perform.  Specifically, the non-exertional limitations to which claimant's counsel referred were the "constant serious interference with attention and concentration even in simple tasks" and that he would be absent more than four days per month.

Because there is no evidence to support the claimant's position that these non-exertional limitations existed prior to the date last insured, the court finds substantial evidence supports the ALJ's decision not to incorporate them into his decision.

Accordingly, because the court finds substantial evidence supports the ALJ's decision as to each issue addressed by the claimant, that decision will be affirmed.

THIS, the 15th day of February, 2012.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE